```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Sophia Tully,

    Plaintiff,

    v.                                Case No. 2:20-cv-163

Commissioner of
Social Security,

    Defendant.

OPINION AND ORDER

       Plaintiff, Sophia Tully, proceeding *pro se*, brings this action under 42 U.S.C. §§ 405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits and supplemental security income. Plaintiff was represented by counsel at a hearing held on June 19, 2019. In a 26-page decision issued on July 3, 2019, the administrative law judge ("ALJ") found that plaintiff has severe impairments consisting of degenerative changes of the lumbar spine, status post excision of a benign cervical tumor of the spinal intradural intramedullary space, and chronic pain syndrome. PAGEID 181. The ALJ concluded that plaintiff has the residual functional capacity ("RFC") to perform light work, with additional restrictions: plaintiff is limited to six hours sitting and four hours standing or walking; she must alternate between sitting and standing every 45 minutes for three to five minutes at a time but can remain on task; she can only occasionally balance, climb ramps and stairs, crawl, crouch, kneel and stoop, and can never climb ladders, ropes, and scaffolds; and she must avoid all exposure to workplace hazards. PAGEID 191. After considering the testimony of

a vocational expert, the ALJ concluded that there are jobs which plaintiff can perform and that plaintiff is not disabled. PAGEID 201-202.

This matter is now before the court for consideration of plaintiff's objections to the June 9, 2020, report and recommendation of the magistrate judge, recommending that the decision of the Commissioner be affirmed.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013).

II. Plaintiff's Objections

Plaintiff's statement of errors, filed on January 29, 2020, began with a one-paragraph attack on the ALJ's decision, alleging that the decision was

> a factual chronology of erroneous, illegal, malicious acts of misconduct, done in the exercise of judicial function, exploiting, manipulating and manufacturing crucial medical evidence and statements, creating factually erroneous, illusory and fallacious arguments, surreptitiously incorporating relevantly contradictory crucial medical evidence and statements into Plaintiff's Administrative Record, crafting, in its entirety, a disingenuous, illogical, irrational, inconsistent and extremely confusing Administrative Judge Decision, in essence, maliciously designing an insurmountable obstacle, with no true way to overcome, no longer judicial acts, but individual acts, committed in bad faith, telling of her own personal goals and beliefs, ignoring the guidelines that define her power and beyond her legal jurisdiction, violated Plaintiff's Constitutional Right and Due Process of Law. Irrefutable evidence the result reached, legally erroneous, fundamentally unfair ARBITRARY, capricious and a grave abuse of discretion.

Doc. 5, p. 1. Plaintiff then quoted paragraphs from the ALJ's decision and attached a copy of the entire decision. On February 7, 2020, plaintiff filed another document entitled "VERIFIED STATEMENT OF RECORDED FACTS" which consisted of random quotations from the ALJ's decision. *See* Doc. 6.

On March 10, 2020, plaintiff filed a document entitled "CORROBORATING EVIDENCE TO CLAIM OF UNCONSTITUTIONALITY." *See* Doc. 7. This document included a list of exhibits which were in the administrative record. Plaintiff argued that they "exposing what the judge actually knew, at the time the decision was made" and showed that the judge acted with an "extremely high level of interference, calculated dishonesty and deceit, conduct occurring

outside the performance of her official duties[.]" Doc. 7, p. 1. Plaintiff further alleged in conclusory fashion that the "judge's actions, findings and conclusions are not supported by substantial evidence" and again quoted excerpts from the ALJ's decision with no argument as to how those paragraphs were contradicted by the evidence.

Plaintiff also filed: a document entitled "ADDITIONAL EVIDENCE OF UNCONSTITUTIONALITY" in which she claimed that records of statements made by her to a social security field office employee during a telephone interview, found in Exhibits 2E and 3E, were "completely fabricated," *see* Doc. 12, p 1;[1] medical records from an April, 2020, physical assessment exam conducted at The Ohio State University Medical Center, with a request that they be entered into the record, *see* Doc. 13; a two-page narrative statement of her history of physical problems, *see* Doc. 14; and a document noting that Exhibit 7B/4, PAGEID 329, a previous agency decision rendered on October 11, 2017, showed that certain medical records had not been received by the agency,[2] *see* Doc. 15.

The magistrate judge correctly concluded that plaintiff's filings failed to show any error on the part of the ALJ.

Pro se litigants are typically held to the same briefing standards as represented parties. *Cocroft v. Colvin*, No. 2:13-cv-729, 2014 WL 2897006, at *2 (S.D. Ohio June 26, 2014). "'[I]ssues

---

[1] Plaintiff did not explain why this information was false, and plaintiff's counsel raised no objection to this exhibit at the hearing before the administrative law judge.

[2] The court notes that records from Ronald Lakatos, M.D. and Grant Hospital were later made a part of the administrative record before the ALJ. *See* Exhibits 6F, 8F, 9F and 10F.

4

adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to ... put flesh on its bones.'" *Bawkey v. Comm'r of Soc. Sec.*, No. 1:17-cv-1068, 2019 WL 1052191, at *8 (W.D. Mich. Feb. 6, 2019), *report and recommendation adopted*, 2019 WL 1044448 (W.D. Mich, Mar. 5, 2019)(quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. August 19, 2016)); *see also Doolittle v. Comm'r of Soc. Sec.*, No. 18-4176, 2019 WL 6464019, at *2 (6th Cir. Sept. 4, 2019). In her filings, plaintiff simply made brief conclusory allegations and quoted parts of the ALJ's decision and the medical records with no developed argumentation as to how and why the ALJ erred in reaching her conclusions.

The magistrate judge also did not err in finding that plaintiff could not seek to introduce or rely on exhibits which were not included in the administrative record. Evidence which was not a part of the record on which the Commissioner's final decision was based may not be considered as part of the administrative record for purposes of judicial review. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996); *Stevens v. Astrue*, 839 F.Supp.2d 939, 951 (S.D.Ohio 2012). Judicial review is confined to the evidence that was available to the Commissioner. *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 487 (6th Cir. 2006)(citing *Wyatt v. Secretary of Health & Human Servs.*, 974 F.2d 680, 685 (6th Cir. 1992)). Evidence submitted in the first instance to the district court may only be considered in determining whether remand is appropriate pursuant to sentence six of 42 U.S.C. §405(g). *Stevens*, 839 F.Supp.2d at 951. The

5

magistrate judge noted that plaintiff had not requested a sentence six remand, and further concluded that, in any event, plaintiff had failed to show that a sentence six remand was warranted.

Plaintiff's June 17, 2020, objection to the report and recommendation, see Doc. 17, suffers from the same problems as her previous filings. The objection consists of quotations from various medical records which were included in the administrative record, with no argument as to how or why this information relates to any error on the part of the ALJ or the magistrate judge. The filing of vague, general, or conclusory objections does not meet the requirement of specific objections, and is tantamount to a complete failure to object. *Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002)(citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

Plaintiff submitted a reply to defendant's response to her objections, in which she again quoted at length from the medical records. *See* Doc. 19. Plaintiff's only specific objection to the report and recommendation in this document was the allegation that the magistrate judge's summary of her hearing testimony, Doc. 16, p. 2, stating that plaintiff returned to work as a flight attendant three months after having a tumor removed from her neck because she wanted to fly, was erroneous and inaccurate. Doc. 19, pp. 1-2. However, a review of plaintiff's hearing testimony, PAGEID 219-223, reveals that the magistrate judge's summary of this testimony was accurate.

Plaintiff summarily alleged for the first time in this reply that the ALJ excluded portions of her medical history and used incomplete portions of her medical history to summarize and

6

rationalize her findings. Because plaintiff did not make these arguments in her statement of errors before the magistrate judge, she has waived them. *See Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517-18 (6th Cir. 2010)(claim raised for the first time in an objection to the magistrate judge's report is deemed waived). The court further notes that the ALJ was not required to discuss every piece of evidence in the record for her decision to stand, *see Thacker v. Comm'r of Soc. Sec.*, 99 F.App'x 661, 665 (6th Cir. 2004), and the ALJ's failure to cite specific evidence does not indicate that it was not considered, *see Simons v. Barnhart*, 114 F.App'x 727, 733 (6th Cir. 2004).

Plaintiff also filed another document on August 10, 2020, indicating that her attorney's office had provided her with a disk containing her records. *See* Doc. 20. She listed medical records contained on this disk which she claimed were not made a part of the administrative record.[3] Plaintiff summarily argued for the first time that the ALJ failed to consider the restrictions and limitations caused by her impairments, to give adequate weight to the opinions of her treating physicians, to include critical limitations in her hypothetical to the vocational expert, or to incorporate limitations in her RFC stemming from medication side effects. Doc. 20, p. 2. Because plaintiff did not make these arguments in her statement of errors before the magistrate judge, she has waived them. *Swain*, 379 F. App'x at 517-18.

Plaintiff also contended for the first time in this document

---

[3] The court notes that records from Grant Medical Center, the Colorado Brain and Spine Institute, and PrimaryOne Health were in fact included in the administrative record as Exhibits 8F, 9F, 15F and 16F.

7

that the ALJ failed to make sure that there was enough evidence in the record to fairly decide her case. This argument is waived. Regardless, the ALJ had no special duty to develop the record because plaintiff was represented by counsel at the hearing. *Culp v. Comm'r of Soc. Sec.*, 529 F.App'x 750, 751 (6th Cir. 2013). Plaintiff's counsel indicated at the hearing that he had received the last records he was waiting for, and that "it looks like everything has been filed." PAGEID 212. The ALJ then stated that "the record will now close" with no objection from counsel. PAGEID 212. Any dispute that plaintiff may now have with her former counsel concerning how her case was handled is beyond the scope of the instant action.

For the foregoing reasons, plaintiff's objections to the report and recommendation are not well taken.

III. Motion to Remand

For the first time in her June 17, 2020, objection to the report and recommendation, plaintiff requested that this case be remanded pursuant to sentence 6 of 42 U.S.C. §405(g). A court may remand a case to the Commissioner for consideration of additional evidence only if the party seeking remand demonstrates that the evidence is new and material, and that there is good cause for the failure to incorporate this evidence into the record at the prior hearing. 42 U.S.C. §405(g), sentence six. The party seeking remand bears the burden of showing that a remand is proper. *Oliver v. Secretary of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986). "Evidence is new only if it was not in existence or available to the claimant at the time of the administrative proceeding." *Hollon*, 447 F.3d at 484 (quoting *Foster v. Halter*,

8

279 F.3d 348, 357 (6th Cir. 2001)). To be "material" within the meaning of §405(g), the new evidence must be relevant and probative to plaintiff's condition prior to the Commissioner's decision, and must establish a reasonable probability that the Commissioner would have reached a different decision if the evidence had been considered. *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010). To show good cause, the moving party must present a valid justification for the failure to have acquired and presented the new evidence in the prior administrative proceeding. *Oliver*, 804 F.2d at 966.

In her June 17, 2020, objection to the report and recommendation, plaintiff alleged that the state agency produced, reviewed and utilized incomplete portions of her medical history. She then referred to and quoted from numerous exhibits but offered no explanation as to why they were incomplete. Doc. 17, p. 1. On August 10, 2020, plaintiff provided a list of allegedly missing medical and surgical evidence which she obtained from her former attorney's office. Doc. 20. As indicated above, the Grant Medical Center, Colorado Brain and Spine Institute, and PrimaryOne Health records were entered as exhibits in the administrative record. All of the medical records on the list predated the June 19, 2019, hearing and the ALJ's July 3, 2019, decision. Plaintiff has made no showing that any of these records were "new" or that there was good cause for failing to enter any of these documents into the record. *See Smith v. Comm'r of Soc. Sec.*, 572 F. App'x. 363, 369 (6th Cir. 2014)(finding good cause not shown, noting that plaintiff's counsel responded to ALJ's inquiry by stating that there was no additional medical evidence that should be submitted).

Plaintiff also submitted records, many of which are illegible, from an April, 2020, physical assessment examination. Doc. 13. Plaintiff stated that this evidence was "not previously available because the Plaintiff was not aware this test was an available option." Doc. 13, p. 1. It is questionable whether this explanation is sufficient to constitute good cause. *See Oliver*, 804 F.2d at 966 (good cause requirement not met where plaintiff did not have a valid reason for his failure to obtain medical evaluations prior to the hearing).

Even if good cause has been shown, plaintiff offered no argument as to how this new evidence creates a reasonable probability that the ALJ would have reached a different disposition of her claim if the new evidence is considered. *Foster*, 279 F.3d at 357; *see also Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 653 (6th Cir. 2009)(mere possibility of new and material evidence not sufficient). The evidence of the April, 2020, evaluation is also not material because it relates to plaintiff's condition at the time of the evaluation, not to whether plaintiff was capable of performing light work as of July 3, 2019, the date of the ALJ's decision. *Ferguson*, 628 F.3d at 276 (new evidence must be relevant and probative to plaintiff's condition prior to the Commissioner's decision); *Oliver*, 804 F.2d at 966 (new medical evidence compiled in March, 1985, was not material to the Secretary's decision that plaintiff could perform light or sedentary work as of December 5, 1983). *See also Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 478 (6th Cir. 2003)(records of medical treatment more than one year after the ALJ's decision which showed deterioration or change in condition occurring after administrative hearing were immaterial);

*Sizemore v. Secretary of Health & Human Servs.*, 865 F.2d 709, 712 (6th Cir. 1988)("If in fact the claimant's condition had seriously degenerated, the appropriate remedy would have been to initiate a new claim for benefits as of the date that the condition aggravated to the point of constituting a disabling impairment").

Plaintiff has not met the requirements for remand, and her motion to remand this case will be denied.

III. Conclusion

The court adopts the magistrate judge's report and recommendation (Doc. 16) and overrules the plaintiff's objections. The motion to remand is denied without prejudice to any right plaintiff may have to submit a new claim based upon new evidence of claimed disability.  The decision of the Commissioner is affirmed, and the clerk is directed to enter final judgment in this case.

Date: August 19, 2020        _____s/James L. Graham_____
                             James L. Graham
                             United States District Judge