IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Sophia Tully,

    Plaintiff,

  v.                     Case No. 2:20-cv-163

Commissioner of
Social Security,

    Defendant.

## OPINION AND ORDER

Plaintiff, Sophia Tully, proceeding *pro se*, has filed a motion for reconsideration of this court's opinion and order filed on August 19, 2020, affirming the decision of the Commissioner. *See* Doc. 23, filed on August 27, 2020. Plaintiff attacks the decision of the administrative law judge ("ALJ") in conclusory fashion. She also contends that certain exhibits in the record were "withheld" from her at the evidentiary hearing before the ALJ. She has submitted multiple exhibits which she seeks to have admitted into the record. On September 1, 2020, plaintiff filed another motion for reconsideration with additional records. *See* Doc. 24. Plaintiff contends that certain records were fabricated, and that the ALJ falsified facts and manipulated plaintiff's hearing transcript.

As this court stated in its order of August 19, 2020, *pro se* litigants are typically held to the same briefing standards as represented parties. *Cocroft v. Colvin*, No. 2:13-cv-729, 2014 WL 2897006, at *2 (S.D. Ohio June 26, 2014). "'[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the

court to ... put flesh on its bones.'"  *Bawkey v. Comm'r of Soc. Sec.*, No. 1:17-cv-1068, 2019 WL 1052191, at *8 (W.D. Mich. Feb. 6, 2019), *report and recommendation adopted*, 2019 WL 1044448 (W.D. Mich, Mar. 5, 2019)(quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. August 19, 2016)).  In her motions for reconsideration, plaintiff again makes brief conclusory allegations with no developed argumentation as to how and why this court erred in adopting the report and recommendation.

Plaintiff also makes new arguments regarding the ALJ's handling of her case which were not included in her statement of errors.  Because plaintiff did not make these arguments in her statement of errors before the magistrate judge, she has waived them.  *See Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517-18 (6th Cir. 2010)(claim raised for the first time in an objection to the magistrate judge's report is deemed waived).  To the extent that plaintiff now seeks to admit new evidence into the record, such evidence may not be considered as part of the administrative record for purposes of judicial review.  *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996); *Stevens v. Astrue*, 839 F.Supp.2d 939, 951 (S.D.Ohio 2012).  Judicial review is confined to the evidence that was available to the Commissioner.  *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 487 (6th Cir. 2006)(citing *Wyatt v. Secretary of Health & Human Servs.*, 974 F.2d 680, 685 (6th Cir. 1992)).

The court concludes that no grounds have been advanced warranting reconsideration of this court's order of August 19, 2020, nor has plaintiff shown that she is entitled to relief under Fed. R. Civ. P. 59 or Fed. R. Civ. P. 60(b).  Plaintiff's motions

for reconsideration (Docs. 23 and 24) are denied.

Date: September 16, 2020            _____s/James L. Graham_____
                                    James L. Graham
                                    United States District Judge